**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA IRMA PEREZ PADILLA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25 CV 12462 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| | ) | |
| KRISTI NOEM and RUSSELL HOTT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Maria Irma Perez Padilla ("Padilla") brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the Court grants Padilla's petition [1]. Respondents are ordered to immediately release Padilla from custody. The Court further orders that Respondents provide Padilla with a bond hearing pursuant to the process outlined in 8 U.S.C. § 1226(a) within five calendar days of this Order.

**I.     Background**

A.  Petitioner's Circumstances

Padilla is a native and citizen of Mexico. (Pet. For Writ of Habeas Corpus, Dkt. 1 at *4, ¶ 21.) She is sixty years old and entered the United States approximately twenty-seven years ago. (*Id.*) She has remained in the U.S. ever since. (*Id.* ¶ 24.) She provides for herself and for her 25-year-old son, who is a U.S. citizen. (*Id.* ¶ 22.) Padilla has been employed for the last ten years as a tamale vendor and is a well-respected member of her community. (*Id.* ¶ 23.) She has no criminal record. (*Id.* ¶ 3.)

On the morning of October 10, 2025, Padilla was selling tamales on a public sidewalk in the Pilsen neighborhood of Chicago. (*Id.* ¶ 26.) She was approached by U.S. Immigration and Customs Enforcement ("ICE") officers, who ordered her to produce her immigration papers. (*Id.* ¶ 27.) When

she was unable to do so, Padilla was arrested by ICE and taken to Broadview Processing Center in Broadview, Illinois ("Broadview"). (*Id.* ¶ 29.)

    B.  <u>The Instant Petition</u>

Padilla filed the instant petition while in custody at Broadview on October 11, 2025. She claims that her detention violates the Due Process Clause of the Fifth Amendment of the U.S. Constitution; that her detention violates the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1101 *et seq.*; and that her detention violates the consent decree ordered on October 7, 2025 in *Castanon Nava et al. v. DHS et al.*, No. 18-cv-3757 (N.D. Ill. Oct. 7, 2025).

On October 14, 2025 this Court ordered, pursuant to the All Writs Act, 28 U.S.C. § 1651, that Respondent refrain from removing Padilla outside the jurisdiction of the United States and/or transferring Padilla to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin. (Dkt. 4.) The Court ordered Respondent to file a preliminary status report which was to state whether Padilla was located in the Northern District of Illinois at the time her petition was filed; the status of Padilla's immigration proceedings; and Padilla's current location. (*Id.*) The Court entered a briefing schedule on the petition and set an initial status hearing for October 17, 2025.

At that status hearing, the parties informed the Court that Padilla was at Broadview when her petition was filed, but had since been moved to a detention center in Kentucky. They also informed the Court that Padilla has diabetes, and that she was detained and transferred without her medication. The Court entered an Order requiring the parties to file a joint status report on October 21, 2025 with information on Padilla's wellbeing and ability to communicate with her attorneys and with her family, in light of her detention out-of-state. (Dkt. 8.)

The parties filed a joint status report stating that Padilla had communications with her attorney and with her family following the October 17 status hearing; that Padilla was relocated to a county jail in Indiana; and that she requested a bond hearing before an immigration judge. (Dkt. 12. ¶¶ 1–3.)

The bond hearing took place October 20, 2025 before Judge Richard Drucker in the Cleveland Immigration Court, while Padilla was in transit and unable to attend. Judge Drucker denied bond on the basis that the Immigration Court lacked jurisdiction under the Board of Immigration Appeals ("BIA") decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*Id.* ¶ 4.)

The Court held a hearing on October 22, 2025, at which the Court orally ordered the release of Padilla. The Court sets forth its reasoning as follows.

## II. Discussion

As a threshold matter, because Padilla was in custody in Illinois when she filed her Petition, this Court may properly hear the petition, *see Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)). Padilla's subsequent transfer to Kentucky did not deprive this Court of jurisdiction to hear her petition. *In re Hall*, 988 F.3d 376 (7th Cir. 2021).

The issues presented to the Court in this case have arisen before numerous courts across the U.S., including courts within this District. A vast majority of those courts concluded that they had jurisdiction over petitions challenging denial of petitioners' right to seek bond, and declined to adopt the interpretation of the INA set forth in *Yajure Hurtado*. *See Ochoa Ochoa v. Noem,* No. 25-cv-10865 (N.D. Ill. Oct. 16, 2025); *Miguel v. Noem et al*, No. 25-cv-11137 (N.D. Ill. Oct. 21, 2025); *Alejandro v. Olson*, No. 25-cv-02027, 2025 WL 2896348, at *6 (S.D. Ind. Oct. 11, 2025) (collecting cases). This Court joined that majority when it granted the petition for a writ of habeas corpus in *H.G.V.U. v. Smith*, No. 25-cv-10931 (N.D. Ill. Oct. 21, 2025), thereby deciding the issues which arise again here.

In *H.G.V.U.*, this Court found that 8 U.S.C. § 1252(a)(2)(B)(ii), § 1252(b)(9), and § 1252(g) do not strip district courts of jurisdiction over habeas petitions for detention hearings, and that requiring a petitioner to exhaust remedies by attempting to appeal the denial of bond would be futile, rendering exhaustion inappropriate. The Court concluded that the mandatory detention provision within the INA, 8 U.S.C. § 1225(b)(2)(A), does not apply to noncitizens who are inadmissible under the INA but

are already present in the country (such as Padilla). Rather, § 1226(a) applies to noncitizens in that case, subjecting them to discretionary detention and entitling them to a bond hearing before an immigration judge. The Court rejected the BIA's interpretation of the INA in *Yajure Hurtado* as incorrect as a matter of law, noting that it is neither binding on nor persuasive to this Court.

Respondents assert that the very same arguments this Court rejected in *H.G.V.U.* apply here. But this Court's findings as to each of the arguments in *H.G.V.U.* remain unchanged, and the Court finds no reason (and Respondents do not offer any) to depart from those conclusions in this case.

Further, the Court concludes that the denial of bond based on *Yajure Hurtado* violates procedural due process. The Due Process Clause of the Fifth Amendment applies to noncitizens, "whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Government detention in immigration proceedings may violate that Clause except "in certain special and narrow nonpunitive circumstances where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Id.* at 690 (cleaned up). Courts apply a three-factor balancing test to determine whether a violation of procedural due process has occurred: (1) the private interest implicated by the government action; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

Here, Padilla certainly has a private interest in her release, and there is a substantial risk of an erroneous deprivation of that interest. At her bond hearing, Judge Drucker denied bond on the basis that the Immigration Court lacked jurisdiction under *Yajure Hurtado*. Having rejected the BIA's interpretation of the INA in *Yajure Hurtado*, and having found that § 1226(a) applies to Padilla, this Court concludes that she is entitled to an individualized bond hearing as provided therein. *See Salazar*

*v. Dedos,* No. 25-cv-00835, 2025 WL 2676729, at *5 (D.N.M. Sept. 17, 2025); *see also G.Z.T., C.A.G.Z., and N.C.G.Z. v. Smith et al,* No. 25-cv-12802 (N.D. Ill. Oct. 21, 2025) (finding that detention without individualized bond hearing before an immigration judge amounts to a due process violation).  At the bond hearing, Respondents must show by clear and convincing evidence that Padilla poses a danger to the community or poses a risk of flight such that detention is necessary.  *See Salazar,* 2025 WL 2676729, at *8–9.  Finally, the Government's interest (including fiscal and administrative burdens) is minimal here.  *See Ochoa Ochoa*, Case No. 25-cv-10865, Dkt. 20 at *20.

The Court therefore grants Padilla's petition for a writ of habeas corpus. The Court orders Respondents to immediately release Padilla from custody and to provide her with a bond hearing pursuant to § 1226(a) within five calendar days of this Order. At that bond hearing, Respondents must show by clear and convincing evidence that Padilla poses a danger to the community or poses a risk of flight such that detention is necessary.  *See Salazar*, 2025 WL 2676729, at *8–9 (finding it appropriate to shift the burden to the government to justify detention to remedy due process violation in a similar situation); *see also Ochoa v. Ochoa*, 2025 WL 2938779, at *8 (collecting cases).

The Clerk is further ordered to substitute Scott A. Maples, Jr., currently Padilla's immediate custodian, as the Respondent and to amend the case name in CM/ECF to reflect this change.  The Court's prior Order stands that, so long as she is in custody, Padilla is not be removed from the jurisdiction of the United States and shall not be transferred to any judicial district outside the states of Illinois, Wisconsin and Indiana.  If Padilla is transferred to another facility or other location, Respondent must notify the Court and Padilla's counsel at least 72 hours prior to the transfer.

**IT IS SO ORDERED.**

_____
Sharon Johnson Coleman
United States District Judge

DATED: 10/22/2025